41799.   EPPS v. OLD REPUBLIC INSURANCE COMPANY.

SUBMITTED FEBRUARY 7, 1966—DECIDED FEBRUARY 18, 1966.

*Guy B. Scott, Jr.,* for appellant.

*Fortson, Bentley & Griffin, Edwin Fortson,* for appellee.

PANNELL, Judge.   As stated in the brief of appellant, the sole question on this appeal from a judgment sustaining a general demurrer to a petition upon a policy of fire insurance seeking recovery of an alleged loss thereunder is "whether or not coverage existed under the policy as of June 23, 1964, the date of the fire." The policy attached to the petition shows on its face (a) that it is a new policy and not a renewal; (b) that the premium paid is for one year only; and (c) above three lines below which the following respectively is printed: "Inception (Mo.  Day   Yr.) ", "Expiration (Mo.  Day   Yr.) ", "Years", there is typed in as the inception date, "5-3-63", and as the expiration date, "5-3-64", and on the line above the word "Years", the figure "1" very heavily and the figure "3" typed normally, as illustrated below:

| 5/3/63 | 5/3/64 | 1 |
|---|---|---|
| Inception (Mo. Day Yr.) | Expiration (Mo. Day Yr.) | Years |

The insuring clause of the policy is as follows: "In consideration of the provisions and stipulations herein or added hereto and of the premium above specified, this company, for the term of years specified above from inception date shown above (Standard Time) to expiration date shown above at Noon (Standard Time) at location of property involved, to an amount not exceeding the amount(s) above specified, does insure the insured

named above and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss. . ." An endorsement on the policy reads as follows: "In consideration of the premium, and the stipulations, terms and conditions of the policy to which this endorsement is attached, it is agreed that the Insured shall have the option to renew this policy annually for four (4) successive years, pursuant to the terms of the form(s) then current, by the payment of a premium calculated at ninety percent (90%) of the then current annual rate, but in no event less than the minimum premium applicable; provided each such renewal shall be evidenced by the issuance of a properly counter-signed renewal certificate, and that each such option to renew be exercised not later than the expiration date of the policy or of the renewal certificate last issued. No insurance shall exist hereunder beyond the expiration date of this policy or the expiration date of the renewal certificate last issued. Appellant contends that the figure "1" over the figure "3" above the word "Years" creates an ambiguity as to the period of time for which there is coverage under the policy, and that this ambiguity should be construed most strongly against the insurer so as to result in three years coverage. This contention overlooks the other controlling provisions and terms of the policy. While the word "Years" with a figure above it may be ambiguous itself, and when this word has typed above it a "1" over a "3", this may compound the ambiguity, this creates an ambiguity only as to this item; however, this ambiguity is dissolved when other controlling provisions of the policy, about which there is no ambiguity, are referred to, that is, that only one year's premium was paid, the express expiration date, the 4-year annual renewal provision requiring an endorsement in writing (of which there is none) and the insuring clause, which, in our opinion, makes the expiration date shown on the face of the policy the controlling date in the absence of a renewal endorsement. Since the policy sued upon did not provide coverage for the loss for which recovery was sought, the petition

138

set forth no cause of action for the recovery of such loss under the policy and the trial court did not err in sustaining the general demurrer thereto.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*